# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**SALESFORCE.COM, INC.,**<br><br>*Defendant.* | **Civil Action No. 6:20-cv-01163-ADA-DTG**<br>**Civil Action No. 6:20-cv-01164-ADA-DTG**<br>**Civil Action No. 6:20-cv-01165-ADA-DTG**<br>**Civil Action No. 6:20-cv-01166-ADA-DTG**<br>**Civil Action No. 6:20-cv-01167-ADA-DTG**<br>**Civil Action No. 6:20-cv-01168-ADA-DTG**<br>**Civil Action No. 6:20-cv-01169-ADA-DTG**<br>**Civil Action No. 6:20-cv-01170-ADA-DTG**<br>**Civil Action No. 6:20-cv-01171-ADA-DTG**<br>**Civil Action No. 6:20-cv-01172-ADA-DTG** |

## ORDER REGARDING DISCOVERY DISPUTES

This Court, having considered disputes raised by Defendant salesforce.com, inc. ("Defendant") during the October 5, 2022, Discovery Hearing, hereby ORDERS the following:

1. Defendant's request to compel Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("Plaintiff") supplemental response to Interrogatory No. 12 is GRANTED. Plaintiff shall supplement its response to this interrogatory to the extent it has information regarding the third-parties identified in this interrogatory in its possession, custody, or control.

2. Defendant's request to compel Plaintiff's supplemental response to Interrogatory No. 26 regarding BP Funding Trust and OT WSOU Terrier Holdings is DENIED as moot. Plaintiff agreed to and his hereby ordered to supplement its response to this interrogatory to state whether or not it breached the agreements identified in this interrogatory within 14 days of the October 5, 2022 hearing.

3. Defendant's request to compel Plaintiff's production of third-party documents in response to Request for Production No. 16 is DENIED-IN-PART and GRANTED-IN-PART.

Plaintiff shall represent that it does not have documents regarding the third-parties in its possession, custody, or control, and shall confirm in writing that it has conducted a reasonable search for documents responsive to this request and that it has none.

4. Defendant's request to compel Plaintiff's production of documents responsive to Request for Production No. 34 ("All sealed pleadings, motions, briefs, declarations, affidavits, invalidity contentions, expert witness disclosures and reports, WSOU interrogatory responses, WSOU request for admission responses, deposition transcript (including exhibits), trial and hearing transcripts, and Documents obtained by subpoena relating to any lawsuit involving the Patents-in-Suit or subject matter claimed in the Patents-in-Suit.") is DENIED.

5. Defendant's request to compel Plaintiff's production of documents responsive to Request for Production No. 35 ("All sealed pleadings and documents cited by or relied on by either party in the briefing regarding Defendant Hewlett Packard Enterprise Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), in Civil Action No. 6:20-cv-727-ADA, docket number 66 and related briefing.") is DENIED.

6. Defendant's request to compel Plaintiff's production of documents responsive to Request for Production No. 36 is GRANTED. Plaintiff shall confirm in its response to this Request for Production it has conducted a reasonable search and all relevant documents have been produced, and if any documents are withheld, a specific statement that they are withheld and the basis for the withholding.

7. Defendant's request to compel Plaintiff's production of documents responsive to Request for Production No. 37 is GRANTED. Plaintiff shall confirm in its response to this Request for Production it has conducted a reasonable search and all relevant documents have been

produced, and if any documents are withheld, a specific statement that they are withheld and the basis for the withholding.

Signed this 24th day of October, 2022.

_____
HON. DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE